# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT STRONG,<br><br>　　　　Plaintiff,<br>　vs.<br>WALGREEN CO., et al.,<br><br>　　　　Defendant. | CASE NO. 09cv611 WQH (BLM)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for Summary Judgment or Partial Summary Judgment, in the Alternative (Doc. # 12).

## BACKGROUND

Plaintiff Matthew Strong filed a complaint on March 3, 2009 against Defendants Walgreen Co., doing business as Walgreens ("Walgreens") and Rudolf Bragg, Trustee of the Bragg Family Trust (collectively "Defendants") (Doc. # 1). Plaintiff alleges Defendants violated the Americans with Disabilities Act ("ADA"), the California Disabled Persons Act, the California Unruh Act, and the California Health and Safety Code (Doc. # 1). Plaintiff alleges that the Walgreens store located at 215 North 2nd Street in El Cajon, California, 92021 is a public sales or retail establishment which was not fully accessible to him because of "architectural barriers" (Docs. # 1 at 2 and 12-5 at 2-3). The alleged barriers include: (1) the lack of a marked crossing in the parking lot; (2) incorrect signs in the van accessible parking

space; (3) sloped surfaces in the parking lot exceeding 2%; (4) the lack of "detectable warnings" in the form of a "grooved border" on a ramp; (5) the lack of designated checkstands for the handicapped open at all times; (6) a restroom door which does not self-close; (7) a toilet paper dispenser which "protrudes into the clear maneuvering space needed to access the water closet;" (8) sharp edges on the toilet paper dispenser; (9) the fact that the front roll of toilet paper was more than twelve inches from the "water closet;" (10) lack of access to the disposable seat cover dispenser in the bathroom; (11) improperly or incompletely wrapped pipes in the bathroom; and (12) "insufficient strike side clearance on the pull side of the restroom door." (Docs. # 1 at 3-4 and Doc. # 12-5 at 2-3).[1]

Plaintiff claims that each of these alleged deficiencies violates the ADA, the California Disabled Persons Act, the California Unruh Act, and the California Health and Safety Code (Doc. # 1). Plaintiff seeks (1) injunctive relief, declaratory relief, attorney's fees, costs, and legal expenses pursuant to the ADA; (2) statutory minimum damages of $1,000, declaratory relief, attorney's fees, and an injunction barring Walgreens from violating California law pursuant to the California Disabled Persons Act; (3) statutory minimum damages of $4,000 for each offense and attorney's fees and costs pursuant to the California Unruh Act; and (4) injunctive relief and attorney's fees pursuant to the California Health and Safety Code. On August 7, 2009, Plaintiff filed a Motion for Summary Judgment or Partial Summary Judgment in the Alternative (Doc. # 12).

## CONTENTIONS OF THE PARTIES

Plaintiff moves for summary judgment, or in the alternative partial summary judgment (Doc. # 12). In support of the motion, Plaintiff filed his own declaration, restating the factual allegations of his complaint (Doc. # 12-5). Defendants claim that Plaintiff's proffered

---

[1] Plaintiff's complaint also contained a claim about "the lack of a white outline around handicapped parking spaces" (Doc. # 1). Plaintiff did not discuss the claim in his motion or offer any evidence to support it, therefore, the Court will not address it. See Docs. # 1, 12.

- 2 - 09cv611 WQH (BLM)

evidence fails to make even a *prima facie* case because it fails to explain how Plaintiff has personal knowledge of the violations he alleges (Doc. # 14 at 5, 7). Defendant filed the declaration of an expert witness, Kim Blackseth, which disputes Plaintiff's factual allegations, disputes whether Plaintiff's allegations constitute violations of state or federal law, and states that Plaintiff does not have standing to bring two of his claims because the alleged violations would not affect someone with Plaintiff's disability (Doc. # 14-4). Defendants ask the Court to *sua sponte* grant summary judgment in favor of Defendants (Doc. # 14 at 15). In his reply, Plaintiff concedes that there are issues of material fact as to several alleged violations, specifically the availability of a handicapped-accessible checkstand, the toilet paper dispenser which "protrudes into the clear maneuvering space needed to access the water closet" and has sharp edges, and whether there is sufficient "strike side clearance on the pull-side of the restroom door" (Doc. # 16).

## FACTS

Plaintiff is a 49 year-old man who is a C-5 quadriplegic who is unable to walk or stand (Doc. # 12-5 at 2). Plaintiff uses a wheelchair "when traveling in public" (Doc. # 12-5 at 2). Defendants own the Walgreens located at 215 North 2nd Street in El Cajon, California, 92021 (Docs. # 12-4 at 2, 14-2 at 2). Plaintiff visited the Walgreens store in question repeatedly, including on February 22, 2009, March 1, 2009, and on one other occasion in March of 2009 (Doc. # 12-5 at 2). Plaintiff states that during these visits, he encountered "architectural barriers that denied [him] full and equal access" to Defendants' facilities (Doc. # 12-5 at 2). Plaintiff states:

    a)    There was no marked crossing where the accessible route crossed the vehicular way.
    b)    The signage posted at the van accessible parking space was incorrect.
    c)    The slopes and cross slopes of the disabled parking spaces to the north side of the Store exceeded 2.0%.
    d)    The slopes and cross slopes of the access aisle(s) to the north side of the Store exceeded 2.0%.
    e)    The grooved border was located on the ramp, instead of on the level

      surface at the top of the ramp.
- f) There were no checkstands designated as being accessible to the disable[d] and open at all times for persons with disabilities.
- g) The restroom door was not self-closing.
- h) The toilet tissue dispenser protruded into the clear maneuvering space needed to access the water closet.
- i) The toilet tissue dispenser contained sharp edges.
- j) The front roll of toilet paper in the dispenser was located more than twelve inches from the front of the water closet.
- k) The water closet was an obstruction to the use of the disposable seat cover dispenser.
- l) The pipes underneath the lavatory were incompletely wrapped.
- m) There was insufficient strike side clearance on the pull-side of the restroom door.

(Doc. # 12-5 at 2-3).

  Defendants hired Kim Blackseth, who is "an expert in the field of disabled access" to examine the store (Doc. # 14). Blackseth has been a consultant to "businesses, government, architects, and developers" for eighteen years as president of Kim. R Blackseth Interests, Inc. (Doc. # 14-4 at 1). Blackseth has testified in numerous disabled access cases, is licensed by the State of California as a "Certified Access Specialist," and was named by the Governor of California to the California Building Standards Commission and the California Board of Professional Engineer and Land Surveyors (Doc. # 14-4 at 1-2).

  Blackseth's examination of the store revealed two defects, the lack of a sign at the handicapped accessible checkstand and the position of the toilet seat cover dispenser, which she advised Walgreens to correct (Doc. #14-4 at 2-3). Blackseth states that Walgreens did so (Doc. # 14-4 at 4-5). Blackseth concluded that (1) the lack of a marked crossing "where the accessible route crosses the vehicular way" was not a violation of the ADA Accessibility Guidelines ("ADAAG") or the California Building Code ("CBC") and "does not constitute a barrier to access; (2) that the sign in the van accessible handicapped parking space was correct; (3) that the slope in the parking lot does exceed 2.0% in some places, but is within industry tolerances as permitted by the ADA and California law; (4) that Plaintiff lacks standing to raise a claim as to the "grooved border" of the ramp because he is not visually impaired; (5) that the

store does have a handicapped-accessible checkstand which is always open, and although it lacked the proper sign, the lack of a sign "did not constitute a barrier to access;" (6) that neither the ADA nor California law requires the restroom door to be self-closing; (7) that the toilet paper dispenser does not "encroach into the required 60" x 48" clear floor area" in the bathroom stall; (8) that there are no sharp edges on the toilet paper dispenser; (9) that the toilet paper roll is correctly positioned; (10) that the previous misplacement of the toilet seat cover dispenser was not an obstruction to Plaintiff's access because he cannot "independently transfer" his body to the toilet, and thus does not need seat covers; (11) that the pipes in the bathroom were properly wrapped; and (12) that there is 18" of "pull strike side" clearance in the restroom, which is sufficient under state and federal law (Doc. # 14-4 at 3-5).

## LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party satisfies its initial burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

In ruling on a motion for summary judgment, the Court must view all inferences drawn

from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations [and] the weighing of evidence . . . are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## DISCUSSION

Plaintiff must show that (1) he is disabled; (2) that Defendants own, lease, or operate a "public accommodation;" and (3) he was denied full and equal treatment because of his disability. *See Molski v. M.J. Cable*, 481 F.3d 724, 730 (9th Cir. 2007). For the purposes of the summary judgment motion, Defendants do not dispute that Plaintiff is disabled within the meaning of the ADA and California law (Doc. # 14-2 at 1) or that Walgreens is a "public accommodation" owned by Defendants (Doc. 14-2 at 2). Therefore, the issue before this Court as to Plaintiff's motion for summary judgment is whether Plaintiff has established that there is no genuine dispute of material fact that defects in Defendants' store denied Plaintiff full and equal treatment. As to each of the claimed defects at issue, Plaintiff has failed to carry this burden.

Plaintiff's first claim, that there is no marked crossing where the accessible route from the handicapped parking area to the store crosses the path of traffic, is factually undisputed (Doc. # 14-2 at 2). However, Plaintiff does not cite any statute, regulation, or case law establishing that this alleged deficiency is a violation of the relevant statutes. Instead, Plaintiff offers a citation to a U.S. Department of Justice Publication entitled *Americans with Disabilities Act: Technical Assistance Updates from the U.S. Department of Justice, Common Questions: Readily Achievable Barrier Removal, Van Accessible Parking Spaces*, available as a PDF at http://www.ada.gov/publicat.htm. However, this publication explicitly states that it is not a legal interpretation of the ADA. *Id.* at 1. Defendants offer the their expert's statement that nothing in the applicable laws requires Defendants "mark the provided path of

travel" and that the parking lot is compliant with both state and federal law (Doc. # 14-4 at 3). Plaintiff has failed to establish a violation of any state or federal law.

Plaintiff's second claim, that there is incorrect signage posted at the handicapped van accessible parking space, is factually disputed by Defendants (Doc. # 14-2 at 2). Defendants' expert states that the required "Van Accessible" sign is adequate and correctly placed in the handicapped van accessible parking space (Doc. # 14-4 at 3). Plaintiff's own statement describing this alleged defect is conclusory and provides no indication of how the sign is incorrect or even what the sign says (Doc. # 12-5). Plaintiff offers no other evidence to support his claim. Plaintiff has therefore failed to establish that there is no genuine issue of material fact as to whether the sign violates state or federal law.

Plaintiff's third claim, that the slope of the parking lot exceeds 2.0% in some places, is not factually disputed, but the parties disagree about whether such a slope violates the relevant state and federal law (Docs. # 14-2 at 2, 16 at 6). Defendants' expert states that the slope slightly exceeds 2.0%, but is within the permitted deviations based on industry standards and that paving with concrete or asphalt is "not [a] precision trade[]"(Doc. # 14-4 at 3). *See also Lonberg v. City of Riverside*, No. 97-0237, slip op. at 9-10 (C.D. Cal. May 16, 2007) (holding a 1.0% deviation from the prescribed slope was within industry tolerances and did not violate the ADA), *reversed on other grounds*, 517 F.3d 846 (9th Cir. 2009). Plaintiff asserts that the slope exceeds the industry tolerance and cites to a report published by the American Concrete Institute Committee as evidence (Doc. # 16 at 6). The parties have produced competing evidence as to whether the parking lot slope constitutes a barrier to disabled access; therefore summary judgment cannot be granted because evaluating these competing claims would require credibility determinations and weighing of the evidence that are inappropriate at this stage in the proceedings.

Plaintiff's fourth claim, that the ramp lacks the appropriate "grooved border," is

disputed by Defendants on standing grounds (Doc. # 14-2 at 3). Defendants' expert states that a grooved border on ramps is for the benefit of people who are visually impaired (Doc. # 14-4 at 4). Plaintiff does not allege that he is visually impaired. Because Defendant has introduced evidence that the alleged defect would not affect someone with Plaintiff's disability, Plaintiff has failed to establish that there is no genuine issue of material fact as to whether he was denied full and equal treatment because of his disability.

Plaintiff has conceded that there is a genuine issue of material fact as to his fifth claim, which relates to the availability of a handicapped accessible checkstand (Doc. # 16 at 10).

Plaintiff's sixth claim, that the restroom door is not self-closing, is factually disputed by Defendants (Doc. # 14-2 at 3). Defendants' expert also states that the lack of a self-closing restroom door would not violate any applicable law (Doc. # 14-4 at 4). In his reply, Plaintiff concedes that whether a non-self-closing restroom door constitutes a violation of the applicable laws is "an open question of ADA law" (Doc. # 16 at 8). Plaintiff's declaration in support of summary judgment does not explain how the restroom door being non-self-closing interfered with his ability to use the restroom. Therefore, Plaintiff has failed to establish that there is no genuine issue of material fact as to this claim.

Plaintiff has conceded that there is a genuine issue of material fact as to his seventh and eighth claims, which relate to the toilet paper dispenser (Doc. #16 at 10-11).

Plaintiff's ninth claim, that the front toilet paper roll is located more than twelve inches from the front of the water closet, is not factually disputed (Doc. 14 at 7). However, Defendants claim this is not a violation of any applicable law (Doc. # 14 at 11). Defendants point out the fact that there are two rolls of toilet tissue, one of which is closer to the water closet than twelve inches (Doc. # 14-4 at 5). Because there is one fully accessible roll of toilet paper, Defendants' expert states that it is not a violation of the ADAAG § 4.17.3 which Plaintiff cites. The guideline requires the toilet paper dispenser to be twelve inches or less

from the water closet, but does not state that the twelve inches must be measured from the front of the toilet paper dispenser as Plaintiff contends. *See* ADAAG § 4.17.3 and Fig. 30(a). Plaintiff cites no authority supporting his method of measuring the prescribed twelve inches and has therefore failed to establish that this claimed defect is a violation of any state or federal law.

Plaintiff's tenth claim, that the water closet is an obstruction to the use of the disposable seat cover dispenser, is disputed by Defendants on standing grounds (Doc. # 14-2 at 3). Defendants' expert agreed that the seat cover dispenser was incorrectly located and advised Defendants to relocate it (Doc. # 14-4 at 5). However, Defendants' expert states that the location of the seat cover dispenser was not a barrier to access for Plaintiff because C-5 quadriplegics "cannot independently transfer their bodies from their wheelchair to the toilet" and therefore do not need to use seat covers (Doc. #14-4 at 5). Because Defendant has introduced evidence that the alleged defect would not affect someone with Plaintiff's disability, Plaintiff cannot establish that there is no genuine issue of material fact as to whether he was denied full and equal treatment because of his disability.

Plaintiff's eleventh claim, that pipes under the lavatory are improperly wrapped, is factually disputed by Defendant (Doc. 14-2 at 4). Defendants' expert states that "the required wrap was provided in the men's restroom" (Doc. 14-4 at 5). Because of the factual dispute, summary judgment cannot be granted because evaluating the evidence requires credibility determinations that are inappropriate at this stage in the proceedings.

Plaintiff has conceded that there is a genuine issue of material fact as to his twelfth claim, which alleges that there is insufficient strike side clearance on the pull-side of the restroom door.

Although Defendants did not file a cross-motion for summary judgment, in their response, they suggested that this Court should enter summary judgment against Plaintiff *sua*

*sponte*. However, the Ninth Circuit has warned that "'great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law.'" Kassbaum v. Steppenwolf Prods., Inc., 236 F.3d 487, 494-495 (9th Cir. Cal. 2000) (quoting Ramsey v. Coughlin, 94 F.3d 71, 74 (2d Cir. 1996)); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720 at 34 (2d ed. 1983). Therefore, the Court declines to exercise its *sua sponte* authority to enter summary judgment against Plaintiff. Defendants may file a summary judgment motion and if they choose to do so, must file before February 19, 2011 pursuant to the Magistrate Judge's scheduling order (Doc. # 11 at 4).

### CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment or Partial Summary Judgment (Doc. # 12) is **DENIED**.

DATED: November 3, 2009

**WILLIAM Q. HAYES**
United States District Judge