**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATT STRONG,<br><br>                               Plaintiff,<br>vs.<br>WALGREEN CO. doing business as Walgreens; RUDOLPH BRAGG, Trustee of the Bragg Family Trust Dated April 22, 1982,<br><br>                              Defendants. | CASE NO. 09cv611 WQH (WVG)<br><br>**ORDER** |

HAYES, Judge:

      On January 15, 2010, Defendants filed a Motion for Summary Judgment. (Doc. # 29). The motion was set for oral argument on March 16, 2010. *Id.* On January 26, 2010, Plaintiff filed an Ex Parte Motion to Continue the hearing because the Ninth Circuit granted a petition for rehearing *en banc* in *Chapman v. Pier 1 Imports*, 571 F.3d 853 (9th Cir. 2009), which Defendants relied on in their Motion for Summary Judgment. (Doc. # 29). On January 27, 2010, the Court ordered Defendants to respond to Plaintiff's Ex Parte Motion to Continue. (Doc. # 31). On February 8, 2010, Defendants filed a non-opposition to Plaintiff's motion. (Doc. # 35). On February 9, 2010, the Court issued an order vacating the hearing date. (Doc. # 36).

      On May 10, 2010, the Court issued an Order to Show Cause which stated in part:
The parties are hereby ORDERED TO SHOW CAUSE why this case should

    not be stayed pending the resolution of *Chapman v. Pier 1 Imports*. Any party may file a response on or before June 1, 2010. In the event that no response is filed, the Court will stay the case and vacate all pending pretrial dates.

(Doc. # 40 at 1).

On May 12, 2010, Plaintiff filed a response to the Order to Show Cause which states he has "no objections to the instant matter being stayed pending the resolution of *Chapman v. Pier 1 Imports*." (Doc. # 41 at 1). On May 14, 2010, Defendants filed a response to the Order to Show Cause stating they do not object to a stay. (Doc. # 42).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). In light of the potential impact of the *en banc* decision in *Chapman v. Pier 1 Imports* on this case, the Court concludes that a stay is appropriate pending the resolution of that case.

IT IS HEREBY ORDERED that this action is **STAYED** pending the resolution of *Chapman v. Pier 1 Imports*, 571 F.3d 853 (9th Cir. 2009), *rehearing en banc granted by* 593 F.3d 974 (9th Cir. 2010). In light of the stay, all pending motions are hereby **DENIED WITHOUT PREJUDICE** and all dates are **VACATED**. The parties shall notify the Court **within ten days** of any decision in *Chapman*.

DATED: May 25, 2010

                                         */s/ William Q. Hayes*
                                       **WILLIAM Q. HAYES**
                                       United States District Judge