FILED
APR 18 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT STRONG,<br><br>                            Plaintiff,<br>vs.<br>WALGREEN CO. doing business as Walgreens; RUDOLPH BRAGG, Trustee of the Bragg Family Trust Dated April 22, 1982,<br><br>                          Defendants. | CASE NO. 09cv611 WQH (WVG)<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Standing) or, in the Alternative, Motion for Summary Judgment filed by Defendants (ECF No. 46); the Motion for Summary Judgment filed by Plaintiff (ECF No. 47); and the Motion to Amend the Complaint filed by Plaintiff (ECF No. 48).

## BACKGROUND

    Plaintiff Matthew Strong filed a complaint on March 3, 2009 against Defendants Walgreen Co., doing business as Walgreens ("Walgreens") and Rudolf Bragg, Trustee of the Bragg Family Trust (collectively "Defendants") (ECF No.1). Plaintiff alleges Defendants violated the Americans with Disabilities Act ("ADA"), the California Disabled Persons Act, the California Unruh Act, and the California Health and Safety Code. Plaintiff alleges that the Walgreens store located at 215 North 2nd Street in El Cajon, California, 92021 is a public sales

or retail establishment which was not fully accessible to him because of "architectural barriers" (ECF No. 1 at 2). The alleged barriers include: (1) the lack of a marked crossing in the parking lot; (2) incorrect signs in the van accessible parking space; (3) sloped surface of the disabled parking space exceeding 2%; (4) sloped surface of the access isle in the parking lot exceeding 2%; (5) the disabled parking space is not outlined in white; (6) the lack of "detectable warnings" in the form of a grooved border on a ramp; (7) the lack of designated checkstands for the disabled open at all times; (8) a restroom door which does not self-close; (9) a toilet paper dispenser which "protrudes into the clear maneuvering space needed to access the water closet;" (10) sharp edges on the toilet paper dispenser; (11) the front roll of toilet paper was more than twelve inches from the "water closet;" (12) lack of access to the disposable seat cover dispenser in the bathroom; (13) improperly or incompletely wrapped pipes in the bathroom; and (14) "insufficient strike side clearance on the pull-side of the restroom door." (ECF No.1 at 3-4).

Plaintiff claims that each of these alleged deficiencies violates the ADA, the California Disabled Persons Act, the California Unruh Act, and the California Health and Safety Code Plaintiff seeks (1) injunctive relief, declaratory relief, attorney's fees, costs, and legal expenses pursuant to the ADA; (2) statutory minimum damages of $1,000, declaratory relief, attorney's fees, and an injunction barring Walgreens from violating California law pursuant to the California Disabled Persons Act; (3) statutory minimum damages of $4,000 for each offense and attorney's fees and costs pursuant to the California Unruh Act; and (4) injunctive relief and attorney's fees pursuant to the California Health and Safety Code.

On June 17, 2009, a Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings was filed which set July 17, 2009 as the deadline for filing a motion to amend the pleadings. (ECF No. 11).

On August 7, 2009, Plaintiff filed a Motion for Summary Judgment or Partial Summary Judgment in the Alternative (ECF No. 12). On November 3, 2009, this Court denied Plaintiff's Motion. (ECF No. 21).

On January 15, 2010, Defendants filed a Motion for Summary Judgment. (ECF No.

29). On January 26, 2010, Plaintiff filed an Ex Parte Motion to Continue the hearing because the Ninth Circuit granted a petition for rehearing *en banc* in *Chapman v. Pier 1 Imports*, 571 F.3d 853 (9th Cir. 2009), which Defendants relied on in their Motion for Summary Judgment. On January 27, 2010, the Court ordered Defendants to respond to Plaintiff's Ex Parte Motion to Continue. (ECF No. 31). On February 8, 2010, Defendants filed a non-opposition to Plaintiff's motion. (ECF No. 35).

On May 10, 2010, the Court issued an Order to Show Cause which stated in part:

> The parties are hereby ORDERED TO SHOW CAUSE why this case should not be stayed pending the resolution of *Chapman v. Pier 1 Imports*. Any party may file a response on or before June 1, 2010. In the event that no response is filed, the Court will stay the case and vacate all pending pretrial dates.

(ECF No. 40 at 1).

The parties had no objection to staying the case pending resolution of *Chapman v. Pier 1 Imports*. On May 25, 2010, this Court issued an Order staying the case pending the resolution of *Chapman v. Pier 1 Imports*. (ECF No. 43).

On January 17, 2011, Plaintiff notified the Court that the Ninth Circuit had issued an en banc decision in *Chapman v. Pier 1 Imports*, 631 F.3d 939 (9th Cir. 2011) on January 7, 2011.

On January 18, 2011, this Court lifted the stay and stated that any motion for summary judgment must be filed by February 18, 2011.

On February 8, 2011, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Standing) or, in the Alternative, Motion for Summary Judgment. (ECF No. 46). On February 18, 2011, Plaintiff filed a Motion for Summary Judgment. (ECF No. 47). On that same day Plaintiff filed a Motion to Amend the Complaint. (ECF No. 48).

## CONTENTIONS

Defendants moves to dismiss the Complaint. Defendants cite to *Chapman v. Pier 1 Imports* and contend that Plaintiff has failed to adequately allege that he has standing to pursue this action. Defendants contend that Plaintiff's Complaint fails to allege an injury-in-fact because it does not explain how the alleged barriers affected his disability; therefore, the Court lacks subject matter jurisdiction over the case. In the alternative,

1  Defendant seeks summary judgment on all of the claims related to the fourteen alleged
2  barriers asserted in Plaintiff's Complaint.
3      Plaintiff seeks leave to file an amended complaint to meet the pleading requirements
4  set forth in *Chapman v. Pier 1 Imports*. Plaintiff contends that Defendant's motion to
5  dismiss is moot due to Plaintiff's motion for leave to file an amended complaint.
6      The *Chapman* court vacated the district court's grant of summary judgment and
7  remanded the case with instruction to dismiss the complaint because the plaintiff lacked
8  standing to assert claims under the ADA. The plaintiff in *Chapman* alleged that barriers
9  "denied him full and equal enjoyment" of the store, but the court found that the allegations
10 were merely a "formulaic recitation" of the elements of the ADA and did not sufficiently
11 allege injury-in-fact. *Chapman*, 631 F.3d at 955 n. 9 (citing *Ashcroft v. Iqbal*, 129 S.Ct.
12 1937, 1949 (2009)). The court found that a list of barriers stated in the complaint "does
13 nothing more than perform a wholesale audit of the defendant's premises." *Id.* at 955.
14 (citations omitted). "[Plaintiff] never allege[d] what those barriers were and how his
15 disability was affected by them so as to deny him 'full and equal' access that would satisfy
16 the injury-in-fact requirement (*i.e.*, that he personally suffered discrimination under the
17 ADA on account of his disability)." *Id.* at 954.
18     The proposed amended complaint asserts the fourteen alleged barriers as identified
19 in the Complaint, and adds factual allegations regarding how Plaintiff's disability was
20 affected by the barriers. The proposed amended complaint adds nineteen alleged barriers
21 which were not asserted in the Complaint as follows: (1) the path of travel from the public
22 way is too steep and does not have handrails; (2) there is no directional sign where the path
23 of travel meets the sidewalk; (3) the accessibility symbol painted in the disabled parking
24 space is too small; (4) the sign at the disabled parking space is not complete; (5) the paint in
25 the disabled parking space and access isle is faded; (6) the tow away sign is incorrect; (7)
26 there is no sign posted at the fire exit regarding disability; (8) there is no directional sign
27 for the restroom; (9) the accessibility symbol at the entrance is not six square inches; (10)
28 there is no sign at the strike side of the men's restroom door; (11) the grab bars inthe

1  restroom are not the correct height; (12) the disposable seat cover dispenser is too high;
2  (13) the toilet tissue dispenser is too far from the back wall; (14) the paper towel dispenser
3  is too high; (15) there is no disabled seating space at the pharmacy; (16) there is no lowered
4  portion of the pharmacy counter; (17) the accessible checkout counter is not properly
5  identified; (18) the check-out counter intended to be accessible is not open at all times; (19)
6  no check out counter has the correct amount of clear horizontal space.
7       Plaintiff contends that he was diligent in seeking to amend the complaint because he
8  filed a motion to amend shortly after the *Chapman* decision was issued. Plaintiff also
9  contends that "the defense is not prejudiced by this proposed amendment since the new
10 complaint does not add additional claims or defendants but, rather, additional facts to
11 support existing claims against existing defendants." (ECF No. 48-1 at 3).
12      Defendants contend that Plaintiff should not be permitted to file an amended
13 complaint on the grounds that *Chapman* did not set forth a new pleading standard but
14 instead "identified that traditional Article III standing principals apply [to ADA cases] and
15 states the manner in which a plaintiff can meet those standards." Defendants contend that
16 there has been undue delay because the facts that Plaintiff seeks to add to the Complaint
17 were known to Plaintiff at the time of filing. Defendants contend that the proposed
18 amended complaint is futile. Defendants also contend that and the proposed amended
19 complaint improperly adds nineteen additional alleged barriers. Defendants contend that
20 they would be unfairly prejudiced if plaintiff were permitted to add nineteen barriers in an
21 amended complaint on the grounds that the case is more than two years old, the parties
22 have completed extensive discovery, the discovery period has closed, and the parties each
23 have a motion for summary judgment pending. Defendants contend and "at no time
24 throughout this entire litigation did [Plaintiff] previously allege (or declare) that he
25 encountered [the nineteen new allegations of barriers] at the store." (ECF No. 51 at 16).
26      Plaintiff also seeks summary judgment on his claims related to two of the fourteen
27 barriers identified in the Complaint. Plaintiff seeks summary judgment on his claims
28 related to five of the nineteen barriers identified in the proposed amended complaint.

Plaintiff contends that the additional barriers were identified by Plaintiff's expert Reed Settle in an expert report dated October 20, 2009.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure mandates that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted).

However, where a party seeks to amend the complaint after the time set in the court's scheduling order, amendment is governed by Federal Rule of Civil Procedure 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.1992). Rule 16 of the Federal Rules of Civil Procedure mandates that the court set a scheduling order limiting the time in which a party may amend the pleadings. Fed. R. Civ. P. 16(a)(3). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(4). The good cause inquiry focuses on the reasonable diligence of the moving party. *Noyes v. Kelly Services*, 488 F.3d 1163, 1774 n.6 (9th Cir. 2007); *Johnson*, 975 F.2d at 609 ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment.); *see*

*also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.").

In this case, the deadline set in the scheduling order to file a motion to amend the pleadings passed on July 17, 2009. The Court must consider whether Plaintiff has shown good cause to amend the Complaint.

Plaintiff's Complaint is similar to the *Chapman* complaint because it lacks factual allegations regarding how Plaintiff's disability was affected by the barriers that he encountered. The *Chapman* decision was issued on January 7, 2011, and Plaintiff filed a Motion to Amend approximately one month later. The Court concludes that Plaintiff has shown good cause and acted with reasonable diligence in seeking to add factual allegations regarding Plaintiff's injury-in-fact to the barriers that were alleged in the Complaint. However, the proposed amended complaint adds nineteen alleged barriers which were not identified in the Complaint. Plaintiff failed to offer any reason for the delay in adding the nineteen barriers in Plaintiff's Motion to Amend. Plaintiff states in the Motion for Summary Judgment that the additional barriers were identified by Plaintiff's expert Reed Settle. Reed Settle's expert report is dated October 20, 2009. The Court concludes that Plaintiff has failed to show good cause and has failed to show that Plaintiff acted with reasonable diligence in seeking to add the nineteen additional barriers identified by Plaintiff's expert approximately sixteen months prior to the filing of Plaintiff's Motion to Amend. *See Johnson*, 975 F.2d at 607, 610 (finding that plaintiff did not show good cause to join additional defendants where plaintiff was aware of the defendants but plaintiff did not file a motion to join the defendants until four months after the deadline set in the scheduling order had passed); *Sherman*, 532 F.3d at 716-17 (finding plaintiff did not show good cause where plaintiff sought to amend the complaint seventeen months after the deadline set in the scheduling order).

## CONCLUSION

The Motion to Amend the Complaint filed by Plaintiff (ECF No. 48) is GRANTED IN PART and DENIED IN PART. Plaintiff has leave to file the proposed First Amended Complaint attached to the Motion to Amend as Exhibit A (ECF No. 48-1), except the nineteen barriers alleged at page 4 line 25 through page six line 23 which were not alleged in the Complaint, no later than ten days from the date of this order.[1] The Motions for Summary Judgment filed by Plaintiff and Defendants refer to Plaintiff's prior Complaint. Accordingly, the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Defendants (ECF No. 46) and the Motion for Summary Judgment filed by Plaintiff (ECF No. 47) are DENIED as moot. Oral argument scheduled for April 28, 2011, at 11:00 a.m. in Courtroom 4 is VACATED. The parties may file any further motion by no later than thirty days from the date of this Order.

DATED: 4/18/11

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

---

[1] In Plaintiff's Reply to the Motion to Amend, Plaintiff contends that he "inadvertently alleged barriers that do not relate to Strong's disability or which he does not seek to remove in this lawsuit ...." (ECF No. 57 at 4). Plaintiff may withdraw any allegations that were inadvertently included in the proposed amended complaint.