1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  MATTHEW STRONG, | CASE NO. 09cv611 WQH (BLM) |
| 12                             Plaintiff, | ORDER |
| 13       vs.<br>WALGREEN CO., et al., | |
| 14                             Defendant. | |

15

16  HAYES, Judge:

17          The matters before the Court are the Motion for Summary Judgment filed by

18  Defendants (ECF No. 65) and the Motion for Summary Judgment filed by Plaintiff. (ECF No.

19  66).

20  **I.      Background**

21          On March 35, 2009, Plaintiff Matthew Strong filed a complaint against Defendants

22  Walgreen Co., doing business as Walgreens ("Walgreens") and Rudolf Bragg, Trustee of the

23  Bragg Family Trust (collectively "Defendants") (ECF No.1).  Plaintiff filed a Motion for

24  Summary Judgment which was denied on November 3, 2009.  (ECF No. 21).  On May 25,

25  2010, this case was stayed pending the resolution of *Chapman v. Pier 1 Imports*, 571 F.3d 853

26  (9th Cir. 2009), in which the Court of Appeals considered the pleading requirements for a case

27  asserting violations of the American with Disabilities Act ("ADA").  On January 18, 2011, an

28  opinion was issued in the *Chapman* case and the stay was lifted.  On April 18, 2011, Plaintiff

                                        - 1 -                          09cv611 WQH (WVG)

1  was granted leave to file an amended complaint.

2  On April 28, 2011, Plaintiff's First Amended Complaint was filed.  (ECF No. 64).

3  Plaintiff asserts claims against Defendants for violation of the ADA, the California Disabled

4  Persons Act, the California Unruh Act, and the California Health and Safety Code.  Plaintiff

5  alleges that he is " a C-5 quadriplegic" who requires the use of a wheelchair to travel.  Plaintiff

6  alleges that the Walgreens store located at 215 North 2nd Street in El Cajon, California, 92021

7  is a public sales or retail establishment constructed or modified after January 26, 1993 which

8  is not fully accessible to him because of architectural barriers.  The alleged architectural

9  barriers include: (1) the lack of a marked crossing in the parking lot; (2) an incorrect sign in

10  the van accessible parking space; (3) sloped surfaces in the disabled parking spaces and access

11  aisles exceeding 2%; (4) the "detectable warnings" located on the ramp rather than prior to it;

12  (5) the lack of designated checkstands for the disabled open at all times; (6) a restroom door

13  which does not self-close; (7) a toilet paper dispenser which "protrudes into the clear

14  maneuvering space needed to access the water closet;" (8) sharp edges on the toilet paper

15  dispenser; (9) the front roll of toilet paper was more than twelve inches from the "water

16  closet;" (10) lack of access to the disposable seat cover dispenser in the bathroom; (11)

17  improperly or incompletely wrapped pipes in the bathroom; and (12) "insufficient strike side

18  clearance on the pull side of the restroom door."[1]   (ECF No. 64 at 3-4).   Plaintiff seeks

19  injunctive relief; declaratory relief; attorney's fees, costs, and legal expenses; the statutory

20  minimum damages; and interest.

21  On May 13, 2011, Defendants filed a Motion for Summary Judgment.  (ECF No. 65).

22  Plaintiff filed an Opposition.  (ECF No. 68).  Defendants filed a Reply.  (ECF No. 70).

23  On May 18, 2011, Plaintiff filed a Motion for Summary Judgment.  (ECF No. 66).

24  Defendants filed an Opposition.  (ECF No. 67).  Plaintiff filed a Reply.  (ECF No. 71).

25  On August 17, 2011, Plaintiff and Defendants each filed requests for judicial notice

26

27      [1] Plaintiff's Complaint also contains a claim for violation of the ADA based on the
alleged barrier that the disabled parking spaces are not outlined in white, but neither Plaintiff
28  nor Defendant have addressed this claim in the Motions for Summary Judgment. Accordingly,
the Court will not address it.

- 2 -                              09cv611 WQH (WVG)

1  regarding the Court of Appeals's opinion issued in *Oliver v. Ralphs Grocery Co.,* __ F.3d__,

2  2011 WL 3607014 (9th Cir. 2011).  (ECF Nos. 72-73).

3  **II.     Discussion**

4  Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil

5  Procedure where the moving party demonstrates the absence of a genuine issue of material fact

6  and entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp.*

7  *v. Catrett*, 477 U.S. 317, 322 (1986). "When the party moving for summary judgment would

8  bear the burden of proof at trial, it must come forward with evidence which would entitle it to

9  a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party

10 has the initial burden of establishing the absence of a genuine issue of fact on each issue

11 material to its case." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006)

12 (quotation omitted). "Once the moving party comes forward with sufficient evidence, the

13 burden then moves to the opposing party, who must present significant probative evidence

14 tending to support its claim or defense." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests.,*

15 *Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation omitted).

16 A "material" fact is one that is relevant to an element of a claim or defense and whose

17 existence might affect the outcome of the suit. *Matsushita Elec. Indus. Co., Ltd. v. Zenith*

18 *Radio Corp.,* 475 U.S. 574, 586 (1986).  The materiality of a fact is thus determined by the

19 substantive law governing the claim or defense. *See Anderson*, 477 U.S. at 252; *Celotex*, 477

20 U.S. at 322; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Disputes over irrelevant or

21 unnecessary facts will not preclude a grant of summary judgment. *See T.W. Elec. Serv., Inc.*

22 *v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson*, 477

23 U.S. at 248).

24 "In ruling on a motion for summary judgment, the nonmoving party's evidence is to be

25 believed, and all justifiable inferences are to be drawn in that party's favor." *Hunt v.*

26 *Cromartie*, 526 U.S. 541, 552 (1999) (quotation omitted); *see also DiRuzza v. County of*

27 *Tehama*, 206 F.3d 1304, 1314 (9th Cir. 2000) ("For purposes of summary judgment . . . , we

28 must presume the facts to be those most favorable to the non-moving party."); *Leslie v. Grupo*

1  *ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999) (The nonmoving party's declaration or sworn

2  testimony "is to be accepted as true . . . . [The non-movant's] evidence should not be weighed

3  against the evidence of the [movant]."). "But the non-moving party must come forward with

4  more than the mere existence of a scintilla of evidence. Thus, 'where the record taken as a

5  whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

6  issue for trial.'" *Miller*, 454 F.3d at 988 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith*

7  *Radio Corp.*, 475 U.S. 574, 587 (1986)).

8  **III.     Plaintiff's Motion for Summary Judgment**

9         **A.      Violations of the ADA**

10        Plaintiff seeks summary judgment on his claim for violation of the ADA based on the

11  following architectural barriers: (1) the lack of a marked crossing in the parking lot and (2)

12  an incorrect sign in the van accessible parking space. Plaintiff contends that the California

13  Manual on Uniform Traffic Control Devices ("MUTCD") requires marked crossings in

14  parking lots. (ECF No. 66-1 at 12-13). Plaintiff contends the California Supplement to the

15  MUTCD requires the use of a "blue sign" indicating van accessible parking. *Id*. at 11; (ECF

16  No. 66-6 at 4).

17        Defendants contend that the Americans with Disabilities Act Accessibility Guidelines

18  ("ADAAG") sets the standard for determining whether there are ADA violations, not the

19  MUTCD or the California Supplement to the MUTCD. In addition, Defendant contends that

20  the ADAAG does not require marked crossings in the parking lot and although the ADAAG

21  sets forth the requirements for van accessibility signage, the evidence is undisputed that

22  Defendants' sign meets those requirements.

23        Title III of the ADA prohibits discrimination "on the basis of disability in the full and

24  equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations

25  of any place of public accommodation by any person who owns, leases (or leases to), or

26  operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a violation of

27  the ADA, Plaintiff must show that (1) he is disabled; (2) that Defendants own, lease, or operate

28  a "public accommodation;" and (3) he was denied full and equal treatment because of his

1  disability.  *See Molski v. M.J. Cable*, 481 F.3d 724, 730 (9th Cir. 2007).  The parties do not

2  dispute that Plaintiff is disabled and that Walgreens is a store of public accommodation.

3        The Court of Appeals recently addressed whether noncompliance with the California

4  MUTCD constitutes a violation of the ADA.  *Oliver*, 2011 WL 3607014 at \*\*4-7.  The Court

5  of Appeals held that "a facility is 'readily accessible to and usable by individuals with

6  disabilities' if it meets the requirements promulgated by the Attorney General in the [ADAAG]

7  which is essentially an encyclopedia of design standards."  *Oliver*, 2011 WL 3607014 at \*1

8  (quoting 28 C.F.R. § 36.406) (citing 28 C.F .R. pt. 36, app. A; *Chapman*, 631 F.3d at 945–46;

9  *United States v. AMC Entm't, Inc*., 549 F.3d 760, 763 (9th Cir. 2008)).   The Court of Appeals

10  held that the substantive standards of the California MUTCD are not incorporated in the ADA.

11  The Court of Appeals concluded that "an architectural feature that is inconsistent with the

12  California MUTCD is not a per se violation of the ADA."  *Oliver*, 2011 WL 3607014 at \*6

13  (concluding that "the district court properly granted partial summary judgment [to Defendants]

14  regarding those of Oliver's allegations premised on noncompliance with the California

15  MUTCD rather than the ADAAG.").  Accordingly, summary judgment is denied on Plaintiff's

16  claim for violation of the ADA based on architectural barriers which do not comply with the

17  California MUTCD including the lack of a marked crossing in the parking lot and an incorrect

18  sign in the van accessible parking space.

19        Plaintiff's Motion for Summary Judgment on Plaintiff's first claim for violation of the

20  ADA due to the lack of a marked crossing in the parking lot and an incorrect sign in the van

21  accessible parking space is DENIED.

22        **B.      Additional Barriers Identified by Plaintiff's Expert**

23        Plaintiff also seeks summary judgment on six barriers which were not alleged in the

24  Complaint, but were identified by Plaintiff's expert in the expert report.  Defendants contend

25  that Plaintiff is not entitled to summary judgment on the six additional barriers identified by

26  Plaintiff's expert on the grounds that Plaintiff has failed to provide fair notice of  the barriers.

27        The Court of Appeals recently addressed whether fair notice of a claim is provided

28  where barriers are not listed in the complaint, but disclosed in an expert report.  *Oliver*, 2011

1  WL 3607014 at **4-7. The Court of Appeals held that "in order for the complaint to provide

2  fair notice to the defendant, each [barrier] must be alleged in the complaint." *Id.* at *4 (citing

3  *Pickern v. Pier 1 Imports (U.S.), Inc*., 457 F.3d 963, 968 (9th Cir.2006)).  The Court of

4  Appeals concluded that "for purposes of Rule 8, a plaintiff must identify the barriers that

5  constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a

6  defendant is not deemed to have fair notice of barriers identified elsewhere." *Oliver*, 2011 WL

7  3607014 at *5 ("[T]he district court did not err in refusing to consider the barriers that Oliver

8  identified only in his expert report.") (citing  Fed. R. Civ. P. 8).  Accordingly, the Court does

9  not consider the barriers which are not identified in Plaintiff's Complaint, and only identified

10  in the expert report.

11      Plaintiff's Motion for Summary Judgment on Plaintiff's first claim for violation of the

12  ADA due to barriers identified in the expert report is DENIED.

13      **C.      Statutory Damages pursuant to the Unruh Act and the California Disabled
          Persons Act**

14

15      Plaintiff also seeks summary adjudication on his state law claims pursuant to the Unruh

16  Act and the California Disabled Persons Act on the grounds that he has "established [that] his

17  rights were violated under the ADA, and therefore he is entitled to statutory damages" under

18  the Unruh Act and the California Disabled Persons Act.  (ECF No. 66-1 at 19).  Defendants

19  contend that Plaintiff has not established a violation of the ADA "therefore, his California state

20  law claims under the California Disabled Persons Act and the Unruh Act similarly fail." (ECF

21  No. 67 at 22).

22      Unlike the ADA, which only provides injunctive relief, the Unruh Act and the

23  California Disabled Persons Act provide a statutory minimum amount of damages.  *See* 42

24  U.S.C. § 12205; Cal. Civ. Code §§ 52(a), 54.3(a).  A violation of the ADA constitutes a

25  violation of the Unruh Act and the California Disabled Persons Act.  Cal. Civ. Code § 54.1(d)

26  (regarding the California Disabled Persons Act); *Munson v. Del Taco, Inc.,* 46 Cal. 4th 661,

27  687 (Cal. App. 2009) ("A plaintiff who establishes a violation of the ADA, ... need not prove

28  intentional discrimination in order to obtain damages under [California's Unruh Act] section

- 6 -                                  09cv611 WQH (WVG)

1  52.”).  In this case, Plaintiff has failed to show that he is entitled to summary judgment on his

2  claim for violation of the ADA based on any alleged barrier.  Accordingly, Plaintiff has failed

3  to establish that there is no genuine issue of material fact as to whether Plaintiff is entitled to

4  summary adjudication of his state law claim for statutory damages pursuant to the Unruh Act

5  and the California Disabled Persons Act.

6         Plaintiff's Motion for Summary Judgment that Plaintiff is entitled to statutory damages

7  pursuant to the Unruh Act and the California Disabled Persons Act is DENIED.

8  **IV.    Defendants' Motion for Summary Judgment**

9         Defendants seeks summary judgment on Plaintiff's first claim for violation of the ADA

10  based on the following barriers alleged in the Complaint: (1) the lack of a marked crossing in

11  the parking lot; (2) an incorrect sign in the van accessible parking space; (3) sloped surfaces

12  in the disabled parking spaces and access aisles exceeding 2%; (4) the grooved boarder located

13  on the ramp rather than prior to it; (5) the lack of designated checkstands for the disabled open

14  at all times; (6) a restroom door which does not self-close; (7) sharp edges on the toilet paper

15  dispenser; (8) the front roll of toilet paper located more than twelve inches from the water

16  closet; (9) improperly or incompletely wrapped pipes in the bathroom; and (10) "insufficient

17  strike side clearance on the pull-side of the restroom door."[2]  (ECF No. 65-1 at 15).

18         **A.    The Lack of a Marked Crossing in the Parking Lot**

19         Defendants contend that there is no requirement in the ADAAG to provide a marked

20  crossing in a parking lot where the accessible route crosses the vehicular way.  Therefore, there

21  is no issue of material fact that this alleged condition is a violation of the ADA.

22         Plaintiff contends that "simply because the ADAAG is silent on an issue does not mean

23  that the Defendants' obligations under the ADA are excused...."  (ECF No. 68 at 2).  Plaintiff

24

25

26         [2] Defendants also seeks summary judgment on Plaintiff's claim for violation of the
ADA based on the following barriers alleged in the Complaint: (1) a toilet paper dispenser
which protrudes into the clear maneuvering space needed to access the water closet and (2)
27  lack of access to the disposable seat cover dispenser in the bathroom.  "Plaintiff has no
objection to a grant of summary judgment - for want of Article III standing" on these barriers.
28  (ECF No. 68 at 10-11).  Accordingly, Defendants' Motion for Summary Judgment is
GRANTED.

1  contends that the ADA is violated by this barrier on the grounds that California Supplement

2  to the MUTCD demand the marking.

3   The Court finds that Defendants have established that this condition does not violate

4  the ADAAG and the are no material facts in dispute.  Defendants' Motion for Summary

5  Judgment on Plaintiff's first claim for violation of the ADA due to the lack of a marked

6  crossing in the parking lot is GRANTED.

7  **B.**     **An Incorrect Sign in the Van Accessible Parking Space**

8   Defendants contend that Walgreens displays a van accessibility sign that does not

9  violate the ADAAG.  Defendants contend that there is no requirement in the ADAAG to

10  provide the van accessibility sign that Plaintiff prefers.  Therefore, there is no issue of material

11  fact that this alleged condition is a violation of the ADA.

12   Plaintiff contends that "[w]hile the ADA may be silent on specific signage requirements

13  for van accessible parking spaces, Rehabilitation Act regulations are not, as the California

14  supplement [to the MUTCD] demands very specific parking signs."  (ECF No. 68 at 4).

15  Plaintiff contends that the ADA is violated by this barrier on the grounds that the California

16  law demands it.

17   The ADAAG provides: "Accessible parking spaces shall be designated as reserved by

18  a sign showing the symbol of accessibility (see 4.30.7). Spaces complying with 4.1.2(5)(b)

19  shall have an additional sign 'Van-Accessible' mounted below the symbol of accessibility.

20  Such signs shall be located so they cannot be obscured by a vehicle parked in the space."

21  ADAAG § 4.6.4.  The parties do not dispute that Defendants have posted a sign with the

22  symbol of accessibility and the notation "Van Accessible."

23   The Court finds that Defendants have established that this condition does not violate

24  the ADAAG and the are no material facts in dispute.  Accordingly, Defendants' Motion for

25  Summary Judgment on Plaintiff's first claim for violation of the ADA due to the van accessible

26  parking space sign is GRANTED.

27  **C.**     **Slopes in the Disabled Parking Spaces and Access Aisles Exceed 2%**

28   Defendants contend that the slope of the disabled parking spaces and access aisles is

1   within the industry tolerance.  Defendants also contend that Plaintiff is not entitled to

2   injunctive relief on the grounds that the high cost of removal of the barrier does not justify the

3   relief it would provide.  (ECF No. 65-1 at 10) (citing 42 U.S.C. §§ 12188(a)(2), 2000a-3(a)).

4   Plaintiff contends that this Court previously found that a factual dispute exists regarding the

5   applicable industry tolerance and that factual dispute continues to exist. The Defendants do not

6   dispute that in some areas the slope of the Walgreens disabled parking spaces and access aisles

7   exceeds 2%.  Plaintiff contends that Walgreens is a newly constructed facility, therefore the

8   expense related to removing the barrier is not relevant to the availability of injunctive relief.

9   Defendants have submitted the declaration of Kim Blackseth which states that the slop does

10  not exceed 2.9%.

11        The ADAAG provides: "Parking spaces and access aisles shall be level with surface

12  slopes not exceeding 1:50 (2%) in all directions."  ADAAG § 4.6.3.  The ADAAG provides

13  that "[a]ll dimensions are subject to conventional building industry tolerances for field

14  conditions." ADAAG § 3.2. However, the ADAAG does not define "building industry

15  tolerances for field conditions." *Id.*

16        The Court previously found: "The parties have produced competing evidence as to

17  whether the parking lot slope constitutes a barrier to disabled access; therefore summary

18  judgment cannot be granted because evaluating these competing claims would require

19  credibility determinations and weighing of the evidence that are inappropriate at this stage in

20  the proceedings."  (ECF No. 21 at 7) (citing Defendants' expert report stating the industry

21  tolerance is 1% and the industry tolerance published by the American Concrete Institute

22  Committee stating that the industry tolerance is .21% to .42%).  The Court finds that

23  Defendants have failed to establish that there is no genuine issue of material fact as to whether

24  the slope of the disabled parking spaces and access aisles are within the industry tolerance as

25  required by the ADA.

26        The ADA provides "two distinct systems for regulating building accessibility: one to

27  apply to existing facilities (those designed and constructed for occupancy before January 26,

28  1993) and another to apply to later-constructed facilities." *Long v. Coast Resorts, Inc.*, 267

1  F.3d 918, 932 (9th Cir. 2001).  Existing facilities must remove barriers to accessibility only

2  to the extent that such removal is "readily achievable"defined as "easily accomplishable and

3  able to be carried out without much difficulty or expense."  *Id.*  However, Defendants have

4  failed to submit any evidence to show that Walgreens is an existing facility.  Accordingly,

5  Defendants' Motion for Summary Judgment on Plaintiff's first claim for violation of the ADA

6  due to the slope of the disabled parking spaces and access aisles is DENIED.

7           **D.     The Grooved Boarder is Located on the Ramp Rather than Prior to it**

8           Defendants contend that Plaintiff does not have standing to challenge the location of

9  the grooved boarder on the grounds that the condition does not relate to Plaintiff's disability.

10  Defendant contends that the grooved boarder is a detectable warning to the visually impaired

11  and Plaintiff is not visually impaired.

12           Plaintiff contends that he has standing to challenge this barrier on the grounds that the

13  grooved boarder "benefits" quadriplegics as well as the visually impaired.  (ECF No. 64 at 7)

14  Plaintiff contends that a holding that quadriplegics do not have standing to challenge this

15  barrier as a matter of law "is inconsistent with the liberal standing requirements afforded [to]

16  disabled plaintiffs under the ADA...."  *Id.*

17           A plaintiff has standing to assert a claim pursuant to the ADA based on "barriers to his

18  full and equal enjoyment of the goods and services offered" by a business of public

19  accommodation.  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) (quoting *Lujan*

20  *v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).  The Court of Appeals has held that

21  a plaintiff "does not have standing to challenge those barriers that would burden or restrict

22  access for a person" with a disability different than the plaintiff's disability.  *Doran*, 524 F.3d

23  at 1044 n.7; *see also Chapman*, 571 F.3d at 858 n.2 (finding that the plaintiff did not have

24  standing to assert a claim based on a barrier that did "not related to his or her disability");

25  *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (finding that allowing a disabled

26  person to assert a claim based on all ADA violation, including those "that do not affect" the

27  plaintiff's disability would "expand the standing doctrine beyond the limits of Article III.").

28  Accordingly, a plaintiff "may challenge only those barriers that might reasonably affect" a

1  person with plaintiff's disability. *Doran*, 524 F.3d at 1044 n.7; *see also Strong v. Valdez Fine*

2  *Foods*, Case No. No. 09 CV 01278 MMA (JMA), 2011 WL 455285 at *6 (S.D. Cal. Feb. 4,

3  2011) (citing *Chapman*, 571 F.3d at 858; *Doran*, 524 F.3d at 1044 n.7; *Steger*, 228 F.3d at

4  893).

5          The ADAAG provides: "Accessible buildings and facilities shall meet the following

6  minimum requirements: ... Detectable warnings shall be provided at locations as specified in

7  4.29." ADAAG § 4.1.3(15). The ADAAG provides: "A curb ramp shall have a detectable

8  warning complying with 4.29.2." ADAAG § 4.7.7. The ADAAG § 4.29.2 provides:

9  "Detectable warnings shall consist of raised truncated domes ... and shall *contrast visually* with

10  adjoining surfaces.... Detectable warnings used on interior surfaces shall differ from adjoining

11  walking surfaces in *resiliency or sound-on-cane contact.*" ADAAG § 4.29.2 (emphasis

12  added). The ADAAG defines detectable warnings as follows: "A standardized surface feature

13  built in or applied to walking surfaces or other elements *to warn visually impaired people* of

14  hazards on a circulation path." ADAAG § 3.5; *see also Peters v. Winco Foods, Inc.*, 320 F.

15  Supp. 2d 1035, 1038 (E.D. Cal. 2004) (finding that plaintiff did not have standing to assert a

16  claim for a barrier related to the detectable warnings on the grounds that "[d]etectable warnings

17  are designed to assist the visually impaired" and plaintiff was not visually impaired).

18          Plaintiff is a quadriplegic. Plaintiff is not visually impaired. The Court finds that

19  Plaintiff does not have standing to assert a claim for violation of the ADA based on the

20  allegedly improper location of detectable warnings because the barrier does not relate to

21  Plaintiff's disability and instead relates to visual impairments. Accordingly, Defendants'

22  Motion for Summary Judgment on Plaintiff's first claim for violation of the ADA due to

23  location of detectable warnings is GRANTED.

24          **E.      The Lack of Designated Checkstands for the Disabled Open at all Times**

25          Defendants contend that Walgreens displays an accessible check-out aisle sign that does

26  not violate the ADAAG. Plaintiff contends that Defendant is not entitled to summary

27  judgment on the grounds that the check-out aisle is not "always open" as required. (ECF No.

28  68).

1    The ADAAG requires that a business provide at least one accessible check-out aisle and

2  requires that "[s]ignage identifying accessible check-out aisles shall comply with 4.30.7 and

3  shall be mounted above the check-out aisle in the same location where the check-out number

4  or type of check-out is displayed." ADAAG § 7.3(3). "Facilities and elements required to be

5  identified as accessible by 4.1 shall use the international symbol of accessibility. The symbol

6  shall be displayed as shown in Fig. 43(a) and (b)." ADAAG § 4.30.7(1) (citing to examples

7  of the international symbol of accessibility). The parties do not dispute that Walgreens has an

8  accessible check-out aisle with a sign containing the international symbol of accessibility.

9    The Court finds that Defendants have established that this condition does not violate

10  the ADAAG and the are no material facts in dispute. Accordingly, Defendants' Motion for

11  Summary Judgment on Plaintiff's first claim for violation of the ADA due to lack of

12  designated checkstand for the disabled open at all times is GRANTED.

13    **F.    A Restroom Door Which Does Not Self-Close**

14    Defendants contend that there is no requirement in the ADAAG to provide a restroom

15  door that self-closes and, therefore, no violation of the ADA. Plaintiff contends that "[t]he

16  defense is correct that self-closing doors are not required in single accommodation toilet

17  facilities under either the ADAAG or [the California Building Standards].'" (ECF No. 68 at

18  9).

19    The Court finds that Defendants have established that this condition does not violate

20  the ADAAG and the are no material facts in dispute. Accordingly, Defendants' Motion for

21  Summary Judgment on Plaintiff's first claim for violation of the ADA due to the lack of a self-

22  closing restroom door is GRANTED.

23    **G.    Sharp Edges on the Toilet Paper Dispenser**

24    Defendants contend that the toilet tissue dispenser does not contain sharp edges and

25  does not violate the ADAAG. Plaintiff contends that the toilet dispenser contains sharp edges

26  in the form of serrated cutters and violates the ADAAG by its placement adjacent to the grab

27  bars.

28    Defendant has submitted the expert report of Blackseth which states: "The toilet tissue

1    dispenser does not contain any sharp edges." (ECF No. 65-4 at 5).

2         Plaintiff has submitted the expert report of Reed Settle which states that the toilet paper

3    dispenser has "two sharp serrated cutters; one for each roll of toilet paper." (ECF No. 66-5 at

4    51). Settle's expert report also contains a photograph of the toilet paper dispenser located in

5    the restroom stall below the grab bar. *Id*. at 52.

6         The ADAAG requires that: "A handrail or grab bar and any wall or other surface

7    adjacent to it shall be free of any sharp or abrasive elements. Edges shall have a minimum

8    radius of 1/8 in (3.2 mm)." ADAAG § 4.26.4.

9         The parties have submitted competing evidence as to whether the toilet paper dispenser

10   contains sharp edges. Defendants have failed to establish that there is no genuine issue of

11   material fact as to whether the toilet paper dispenser violates the ADA. Accordingly,

12   Defendants' Motion for Summary Judgment on Plaintiff's first claim for violation of the ADA

13   due to sharp edges on the toilet paper dispenser is DENIED.

14   **H.    The Front Roll of Toilet Paper Located More than Twelve Inches from the
            Water Closet**

15        Defendants contend that the toilet paper dispenser contains two rolls of toilet paper and

16   one roll is not located more than twelve inches from the water closet. Defendants contend that

17   there is no requirement under the ADAAG that the measurement from the water closet to the

18   toilet paper dispenser be made to the front of the toilet paper dispenser as Plaintiff contends.

19        Plaintiff contends that the California law refers to the toilet paper dispenser, not

20   individual toilet paper rolls; therefore, the entire dispenser must be no more than twelve inches

21   from the water closet.

22        The ADAAG provides: "The size and arrangement of the standard toilet stall shall

23   comply with Fig. 30(a), Standard Stall." ADAAG § 4.17.3. Figure 30(a) provides dimensions

24   for the standard stall but does not include a location for the toilet paper dispenser. *See*

25   ADAAG § 4.17.3, Fig. 30(a). The ADAAG provides: "Toilet paper dispensers shall be

26   installed within reach, as shown in Fig. 29(b)." ADAAG § 4.16.6. Figure 29(b) shows the

27   toilet paper at 19 inches minimum height from the floor. *See* ADAAG § 4.16.6, Fig. 29(b).

28   Figure 29(b) does not specify the toilet paper dispenser's distance from the water closet.

1    The Court finds that Defendants have established that this condition does not violate
2    the ADAAG and the are no material facts in dispute.  Accordingly, Defendants' Motion for
3    Summary Judgment on Plaintiff's first claim for violation of the ADA due to the location of
4    the toilet paper dispenser is GRANTED.

5    **I.    Improperly or Incompletely Wrapped Pipes in the Bathroom**

6    Defendants contend that the bathroom pipes are wrapped as required by the ADAAG.
7    Therefore, there is no issue of material fact that this alleged condition is not a violation of the
8    ADA.

9    Plaintiff contends that "[u]nlike the ADA... California law has specific requirements
10   regarding such insulation, which - according to [Plaintiff's expert] - were not satisfied when
11   Defendants wrapped the exposed pipes ...."  (ECF No. 68 at 11).  Plaintiff contends that the
12   pipes were not wrapped properly on the grounds that they were not wrapped with the insulation
13   required by the California Building Standards.

14   The ADAAG provides: "Hot water and drain pipes under lavatories shall be insulated
15   or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces
16   under lavatories."  ADAAG § 4.19.4.  The parties do not dispute that the drain pipes under the
17   lavatories are insulated.

18    The Court finds that Defendants have established that this condition does not violate
19   the ADAAG and the are no material facts in dispute.  Accordingly, Defendants' Motion for
20   Summary Judgment on Plaintiff's first claim for violation of the ADA due to improperly or
21   incompletely wrapped pipes in the bathroom is GRANTED.

22   **J.    Insufficient Strike Side Clearance on the Pull-Side of the Restroom Door**

23   Defendants contend that the required eighteen inches of pull strike-side clearance is
24   provided.  Defendants have submitted the Declaration of Blackseth who states: "The required
25   18'' of pull strike-side is provided in the men's room."  (ECF No. 65-4 at 6).

26   Plaintiff contends that a waste basket was blocking the pull strike-side clearance and
27   Defendants moved it to a different location which in turn interferes with the push strike-side
28   clearance.  Plaintiff contends that there is nothing stopping Defendants "from returning the

trash can to its original (inaccessible) location when this lawsuit is over." (ECF No. 68 at 12). Plaintiff has submitted a photograph of the push strike-side of the restroom door which contains a waste basket next to the door. (ECF No. 66-4 at 30).

The ADAAG provides: "Minimum maneuvering clearances at doors that are not automatic or power-assisted shall be as shown in Fig. 25." ADAAG § 4.13.6. Figure 25 provides that there must be a minimum of eighteen inches of space provided next to the pull-side of the door. *See* ADAAG § 4.13.6, Fig. 25.

As discussed above, the Court does not consider the barriers which were not identified in Plaintiff's Complaint. *See Oliver*, 2011 WL 3607014 at *5 ("[T]he district court did not err in refusing to consider the barriers that Oliver identified only in his expert report."). Plaintiff did not identify insufficient push strike-side clearance in the Complaint. Plaintiff's Complaint only alleges insufficient pull strike-side clearance. Plaintiff has failed to present any evidence of insufficient pull strike-side clearance. Defendants have submitted evidence that there is sufficient pull strike-side clearance. Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's first claim for violation of the ADA due to insufficient pull strike-side clearance is GRANTED.

### K. Statutory Damages Under California Law

Defendants seeks summary adjudication that Plaintiff is not entitled to statutory damages under California law. Defendants contend that "[t]he undisputed facts establish that Plaintiff did not personally encounter a violation that actually denied him full and equal access to the place of public accommodation." (ECF No. 65-1 at 16). Defendants contend that Plaintiff has failed to present any evidence that any alleged violation caused him "difficulty, discomfort, or embarrassment." *Id*. at 17. Defendants contend that California Civil Code section 55.56 requires more than Plaintiff's "conclusory statements in his declaration that he encountered architectural barriers that denied him full and equal access." (ECF No. 70 at 9).

Plaintiff contends that California Civil Code section 55.56 codified existing case law. Plaintiff contends that the California Legislature never intended to place a burden of proof on disabled plaintiffs to show that they experienced difficulty, discomfort, or embarrassment.

09cv611 WQH (WVG)

1  Plaintiff contends that he is "required to prove that (1) [he] encountered a barrier that related

2  to [his] disability, or (2) [he was] deterred based on actual knowledge that [he] would

3  encounter a barrier related to [his] disability." (ECF No. 68 at 16).

4          Plaintiff has submitted a declaration which states that during his visits to Walgreens in

5  February and March 2009 he observed or experienced the following:

6          a.      There was no marked crossing where the accessible route
                   crossed traffic, forcing me to travel in front of cars without
7                  warning.

8          b.      The signage posted at the van accessible parking space was
                   incorrect, thus making it difficult for me to determine which
9                  spaces are intended to be accessible for vans.

10         c.      The slopes and cross slopes of the disabled parking spaces and
                   access aisles exceeded 2.0%. When slopes and/or cross slopes
11                 are too steep, it causes my wheelchair to roll unexpectedly.

           ...
12
           e.      There were no checkstands designated as being accessible to the
13                 disabled and open at all times for persons with disabilities, thus
                   making it difficult (if not impossible) for me to purchase
14                 goods....

15         f.      The water closet stall door was not self-closing making it
                   difficult for me to completely shut.
16
           g.      The toilet tissue dispenser contained exposed sharp edges,
17                 causing me to risk injury when I approach it.

18         h.      The front roll of toilet paper in the dispenser was located more
                   than twelve inches from the front of the water closet making it
19                 difficult (if not impossible) for me to reach it.

20         i.      The pipes beneath the lavatory were improperly/incompletely
                   wrapped, causing me to run the risk of my legs getting burned
21                 when the pipes are heated by the flow of hot water.

22         j.      There was insufficient strike side clearance on the pull-side (and
                   now, push-side) of the restroom door, making it difficult to
23                 open.

24  (ECF No. 66-2 at 2-3).[3]

25  _____

26      [3] Defendants object to these statements in Plaintiff's declaration on the grounds that
    they offer expert testimony but Plaintiff was not designated an expert; Plaintiff failed to lay
27  a proper foundation for his measurement of the slope and distance of the toilet paper dispenser;
    and Plaintiff fails to identify the regulation that he contends were violated. (ECF No. 67-3 at
28  1-2). The Court finds that these statements in Plaintiff's declaration contain descriptions of
    Plaintiff's experiences based on personal knowledge. Defendants objections are overruled.

1    A violation of the ADA constitutes a violation of the Unruh Act and the California

2 Disabled Persons Act.  Cal. Civ. Code § 54.1(d); *Munson,* 46 Cal. 4th at 687.  As discussed

3 above, the Court has not granted summary judgment on Plaintiff's claim for violation of the

4 ADA based on the following alleged barriers: (1) the disabled parking spaces are not outlined

5 in white; (2), improper slope in the disabled parking spaces and access aisles; and (3) the toilet

6 paper dispenser contains sharp edges.

7    In addition, "[a] violation of a California Code of Regulations, title 24 (title 24) building

8 standard that denies access to a disabled individual has been found to constitute a violation of

9 both the Unruh Act and the [California Disabled Persons Act]." *Californians for Disability*

10 *Rights v. Mervyn's LLC*, 165 Cal. App. 4th 571, 585-86 (Cal. App. 2008) (citations omitted).

11    California Civil Code section 55.56 provides:

12    Statutory damages under either [the Unruh Act] or [the California
      Disabled Persons Act] may be recovered in a construction-related
13    accessibility claim against a place of public accommodation only if a
      violation or violations of one or more construction-related accessibility
14    standards denied the plaintiff full and equal access to the place of
      public accommodation on a particular occasion.
15
      (b) A plaintiff is denied full and equal access only if the plaintiff
16    personally encountered the violation on a particular occasion, or the
      plaintiff was deterred from accessing a place of public accommodation
17    on a particular occasion.

18    (c) A violation personally encountered by a plaintiff may be sufficient
      to cause a denial of full and equal access if the plaintiff experienced
19    difficulty, discomfort, or embarrassment because of the violation.

20 Cal. Civ. Code § 55.56 (a)-(c).

21    Where plaintiff claims he is entitled to statutory damages, a court may consider whether

22 plaintiff has submitted evidence that he personally encountered the barrier.  *See Delgado v.*

23 *Orchard Supply Hardware Corp.*, Case No. CV F 09–1839 LJO SKO, 2011 WL 3439203 at

24 *10 (E.D. Cal. Aug. 4, 2011; *Arnold v. Radisson Hotel Chatsworth*, Case No.

25 2:08-cv-08189-JHN-CWx, 2011 WL 39101 at * 4 (C.D. Cal. Jan. 5, 2011).  The court may also

26 consider whether plaintiff has submitted evidence of experiencing difficulty, discomfort, or

27

28

1  embarrassment as a result of the barrier.  *See Thomas Mundy v. Pro-Thro Enterprises,* 192 Cal.

2  App. 4th Supp. 1, 6 (Cal. App. Super. 2011).

3           In this case, Plaintiff has submitted some evidence that he personally encountered each

4  of the alleged barriers and that he experienced difficulty or discomfort as a result.  Defendant

5  has failed to establish that there is no genuine issue of material fact regarding statutory

6  damages under the Unruh Act and the California Disabled Persons Act.  Accordingly,

7  Defendants' Motion for Summary Judgment on Plaintiff's claim for statutory damages under

8  California law is DENIED.

9           **L.       Supplemental Jurisdiction**

10          Under 28 U.S.C. § 1367, where the district court has original jurisdiction over a claim,

11  it has "supplemental jurisdiction over all other claims that are so related to claims in the action

12  ... that they form part of the same case or controversy under Article III of the United States

13  Constitution." 28 U.S.C. § 1367(a).  The Ninth Circuit Court of Appeals provides that the

14  exercise of supplemental jurisdiction is mandatory unless supplemental jurisdiction is

15  prohibited by § 1367(b) or an exception listed in § 1367(c) applies. *See Executive Software N.*

16  *Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994) (overruled on other grounds

17  by *Cal. Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008)).

18          A court may exercise its discretion to decline supplemental jurisdiction over a state

19  claim if:

20               (1) the claim raises a novel or complex issue of State law;

21               (2) the claim substantially predominates over the claim or claims over
                 which the district court has original jurisdiction;

22

23               (3) the district court has dismissed all claims over which it has original
                 jurisdiction; or

24               (4) in exceptional circumstances, there are other compelling reasons for
                 declining jurisdiction.

25

26  28 U.S.C. § 1367(c); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)

27  ("[W]hile discretion to decline to exercise supplemental jurisdiction over state law claims is

28  triggered by the presence of one of the conditions in § 1367, it is informed by the [*United Mine*

1  *Workers v. Gibbs*, 383 U.S. 715 (1966)] values of 'economy, convenience, fairness, and
2  comity.") (quotation omitted).

3       With regard to the ADA claim, only three alleged barriers identified in the Complaint
4  remain at issue in this case.  However, Plaintiff has also alleged several barriers relating to the
5  three state law claims of (1) violation of the California Disabled Persons Act, (2) violation of
6  the California Unruh Act, and (3) violation of the California Health and Safety Code.  Plaintiff
7  is ORDERED TO SHOW CAUSE why the Court  should continue to exercise supplemental
8  jurisdiction over Plaintiff's state claims by no later than twenty days from the date of this
9  Order.  Defendants may respond by no later than ten days from the date that Plaintiff's
10  response to the order to show cause is filed.

11  **V.    Conclusion**

12       IT IS ORDERED the Motion for Summary Judgment filed by Plaintiff Matt Strong
13  (ECF No. 66) is DENIED.  The Motion for Summary Judgment filed by Defendants Walgreen
14  Co. and Rudolf Bragg, Trustee of the Bragg Family Trust (ECF No. 65) is GRANTED in part
15  and DENIED in part.  Defendants' Motion for Summary Judgment on Plaintiff's first claim
16  for violation of the ADA due to (1) the lack of a marked crossing in the parking lot; (2) an
17  incorrect sign in the van accessible parking space; (3) the location of detectable warnings; (4)
18  lack of designated checkstand for the disabled open at all times; (5) the lack of a self-closing
19  restroom door; (6) a toilet paper dispenser which protrudes into the clear maneuvering space
20  needed to access the water closet; (7) the front roll of toilet paper located more than twelve
21  inches from the water closet; (8) the lack of access to the disposable seat cover dispenser in the
22  bathroom; (9) improperly or incompletely wrapped pipes in the bathroom; and (10) insufficient
23  strike side clearance on the pull-side of the restroom door are GRANTED.  Defendants'
24  Motion for Summary Judgment on Plaintiff's first claim for violation of the ADA due to (1)
25  the slope of the disabled parking spaces and access aisles and (2) sharp edges on the toilet
26  paper dispenser, as well as Plaintiff's claim for statutory damages under the Unruh Act and the
27  California Disabled Persons Act are DENIED.

28       Plaintiff is ORDERED TO SHOW CAUSE why the Court  should continue to exercise

09cv611 WQH (WVG)

1   supplemental jurisdiction over Plaintiff's state claims by no later than twenty days from the

2   date of this Order.  Defendants may respond by no later than ten days from the date that

3   Plaintiff's response to the order to show cause is filed.

4   DATED:  November 8, 2011

5

        **WILLIAM Q. HAYES**
6        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28