# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW STRONG,<br><br>            Plaintiff,<br>vs.<br>WALGREEN CO., doing business as Walgreens; and RUDOLPH BRAGG, Trustee of the Bragg Family Trust, Dated April 22, 1982,<br><br>            Defendants. | CASE NO. 09cv611 WQH (WVG)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are (1) the Motion for Attorneys' Fees, Litigation Expenses, Expert Costs, and Sanctions Against Plaintiff's Counsel filed by Defendants Walgreen Co. ("Walgreens") and Rudolph Bragg, Trustee of the Bragg Family Trust, dated April 22, 1982 (ECF No. 132); and (2) the Motion to Review and Re-Tax Costs filed by Plaintiff Matt Strong (ECF No. 139).

## PROCEDURAL HISTORY

On March 25, 2009, Plaintiff Matt Strong initiated this action by filing a complaint against Walgreens and Rudolf Bragg, Trustee of the Bragg Family Trust (collectively "Defendants"). (ECF No. 1).

On April 28, 2011, Plaintiff filed the First Amended Complaint against Defendants. (ECF No. 64). The First Amended Complaint alleged that the Walgreens

1  store located at 215 North 2nd Street in El Cajon, California was not fully accessible
2  to him because of architectural barriers. *Id.* at 2, 7. The First Amended Complaint
3  alleged claims for violation of the Americans with Disabilities Act ("ADA"), the
4  California Disabled Persons Act ("CDPA"), the California Unruh Act ("Unruh Act"),
5  and the California Health and Safety Code.

6  On November 8, 2011, the Court granted Defendants' motion for summary
7  judgment on Plaintiff's ADA claim as to 10 of the 13 architectural barriers alleged in
8  the First Amended Complaint, and denied summary judgment as to the remaining three
9  barriers. (ECF No. 74). The Court denied Defendants' motion for summary judgment
10 on Plaintiff's CDPA and Unruh Act claims for statutory damages as to all alleged
11 barriers, concluding: "Plaintiff has submitted some evidence that he personally
12 encountered each of the alleged barriers and that he experienced difficulty or discomfort
13 as a result. Defendant[s] ha[ve] failed to establish that there is no genuine issue of
14 material fact regarding statutory damages under the Unruh Act and the [CDPA]." *Id.*
15 at 18. Although a violation of the ADA constitutes a violation of the CDPA and the
16 Unruh Act, the Court noted that Plaintiff can alternatively prove a violation of the
17 CDPA and Unruh Act by demonstrating that Defendants violated the California Code
18 of Regulations, Title 24.

19 On November 8, 2012, the Court held a bench trial to resolve federal claims of
20 three barriers under the ADA, and state claims of 13 barriers under the CDPA and
21 Unruh Act. (ECF No. 104). Following the bench trial, the parties filed proposed
22 findings of fact and conclusions of law (ECF Nos. 110, 113) and several post-trial
23 motions (ECF Nos. 108-109, 113-16).

24 On May 9, 2013, the Court issued the Findings of Fact and Conclusions of Law,
25 concluding that Defendants were entitled to judgment in their favor on all claims as to
26 all alleged barriers. (ECF No. 125). That same day, the Clerk of the Court entered
27 Judgment consistent with the Court's Order. (ECF No. 126).

28 On May 23, 2013, Defendants filed a Bill of Costs pursuant to Federal Rule of

Civil Procedure 54(d)(1) and 28 U.S.C. §§ 1920, 1924, requesting that the Clerk of the Court tax $2,315.80 as costs incurred in this action. On June 7, 2013, Plaintiff filed an Objection to the Bill of Costs. (ECF No. 133). On June 11, 2013, Defendants filed a declaration of their counsel, Brian Crone, in support of the Bill of Costs. (ECF No. 135). On June 19, 2013, the Clerk of the Court issued an Order Taxing Costs, ordering that $1,467.75 be taxed against Plaintiff and in favor of Defendants. (ECF No. 136).

On June 25, 2013, Plaintiff filed the Motion to Review and Re-Tax Costs pursuant to Local Rule 54.1.h. (ECF No. 139). On July 15, 2013, Defendants filed an opposition. (ECF No. 143). On July 22, 2013, Plaintiff filed a reply. (ECF No. 144).

On June 7, 2013, Defendants filed the Motion for Attorneys' Fees, Litigation Expenses, Expert Costs, and Sanctions Against Plaintiff's Counsel pursuant to 42 U.S.C. § 12205, California Civil Code § 55, Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1927. (ECF No. 132). On July 1, 2013, Plaintiff filed an opposition. (ECF No. 141). On July 8, 2013, Defendants filed a reply. (ECF No. 142).

## MOTION FOR ATTORNEYS' FEES AND COSTS

### I.     Standard of Review

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Ordinarily, the prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization. *See Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). Upon determining that a fee award is in order, the court must calculate the proper amount of the award to ensure that it is reasonable. *See Hensley*, 461 U.S. at 433-34. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622-23 (9th Cir.

1983).

## II. Contentions of the Parties

As the prevailing parties in this litigation, Defendants contend that they are entitled to $82,670.55 in attorneys' fees, $3,089.05 in costs, and $13,284.75 in expert witness fees, for a total award of $99,044.35 pursuant to 42 U.S.C. § 12205 and California Civil Code § 55. Defendants contend that Plaintiff's ADA claim was frivolous, both as to the 10 alleged barriers for which the Court granted summary judgment and the three alleged barriers that survived summary judgment. Alternatively, Defendants contend they are entitled to recover, pursuant to California Civil Code § 55, $39,765 in attorneys' fees and $1,715.93 in costs that they incurred after the Court issued its Order on the motions for summary judgment. Defendants contend that Plaintiff's CDPA and Unruh Act claims "were no longer litigated under the ADA" after the Court's November 8, 2011 Order on the motions for summary judgment, and thus, an award of attorneys' fees to Plaintiff is "mandatory" under California Civil Code § 55. (ECF No. 132-1 at 17).

Plaintiff contends that his ADA claim was not frivolous because it "survived several dispositive motions" and ultimately failed only because Defendants "actively remediate[d] barriers." (ECF No. 141 at 3). With respect to his CDPA claim, Plaintiff contends that "a federal district court cannot impose fees pursuant to Section 55 unless the court determines that the plaintiff's action was frivolous." (ECF No. 141 at 6 (citing *Hubbard v. SoBreck, LLC*, 554 F.3d , 742, 745-47 (9th Cir. 2008); *Oliver v. In-N-Out Burger*, — F. Supp. 2d —, 2013 WL 1927121, * 5 (S.D. Cal. May 10, 2013) (Huff, J.)).

## III. Discussion

### A. Fees pursuant to the ADA

The Americans with Disabilities Act, 42 U.S.C. § 12205, provides for a discretionary award of attorneys' fees to the prevailing party. The Court of Appeals for the Ninth Circuit has interpreted the statute to mean that attorneys' fees may only be awarded to a prevailing defendant in an ADA case where the plaintiff's claims are

frivolous, unreasonable, or without foundation. *SoBreck*, 554 F.3d at 744 (citing *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997)).

In this case, the Court granted summary judgment in Defendants' favor as to 10 of the 13 architectural barriers alleged by Plaintiff. Plaintiff's ADA claim survived summary judgment with respect to three alleged barriers: excessive slope in the parking lot; improperly outlined parking spaces; and sharp edges on the toilet paper dispenser in the restroom. The Court found that Plaintiff failed to prove a violation of the ADA at trial with respect to these three barriers. Regarding the slope, the Court found the testimony of Defendants' expert witness "to be more reliable and believable than Plaintiff's testimony," and concluded that Plaintiff failed to prove, by a preponderance of the evidence, "that a slope exceeding 2% currently exists at the Store." (ECF No. 125). With respect to the outlining of the disabled parking spaces and sharp edges on the toilet paper dispenser, the Court concluded that Plaintiff failed to prove, by a preponderance of the evidence, that any sharp edge on the toilet paper dispenser or worn paint on the disabled parking spaces "'constitutes a barrier that denies the plaintiff full and equal enjoyment of the premises in violation of the ADA.'" *Id.* (quoting *Oliver*, 654 F.3d at 905).

Based on this record, the Court does not find that Plaintiff frivolously pursued his ADA claim. Accordingly, Defendants are not entitled to a fee award pursuant to § 12205. *See SoBreck, LLC*, 554 F.3d at 744.

### B.   Fees pursuant to the CDPA

Plaintiff may recover statutory damages for a violation of the CDPA by proving a violation of the Construction Related Accessibility Standards Compliance Act ("CRAS"). Under the CRAS, which became effective in 2008, a plaintiff alleging a violation of the CDPA may recover statutory damages only if the violation denied him or her "full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(a). The provisions in Sections 55.51 through 55.57 apply only to a "construction-related accessibility claim," which is defined as a

violation of a "construction-related accessibility standard" under federal or state law. Cal. Civ. Code §§ 55.51, 55.52(a)(1), (6).[1] A plaintiff can establish a violation of the CDPA by establishing a violation of the ADA. *See* Cal. Civ. Code §§ 54(c), 54.1(d).

California Civil Code § 55 provides that "[t]he prevailing party in [an action brought under the CDPA] shall be entitled to recover reasonable attorney's fees." The California Supreme Court has held that Section 55 mandates an award of attorney's fees to the prevailing party in all CDPA actions. *See Jankey v. Lee*, 55 Cal. 4th 1038, 1045-46 (2012). Because Section 55 mandates mandatory fee-shifting in all CDPA actions – even actions where the plaintiff's claim is deemed non-frivolous – the Court of Appeals for the Ninth Circuit in *Hubbard v. SoBreck, LLC* held that the ADA preempts Section 55. *SoBreck, LLC*, 554 F.3d at 742. Specifically, the Ninth Circuit in *SoBreck, LLC* held: "[T]o the extent that Section 55 does authorize the award of fees to a prevailing defendant on nonfrivolous CDPA state claims that parallel nonfrivolous ADA claims, there is a conflict and the ADA preempts Section 55 of the CDPA." *Id.*

The First Amended Complaint alleged ADA and CDPA claims against Defendants that were both predicated upon the same 13 barriers to access. The Court granted Defendants' motion for summary judgment on the ADA claim as to 10 of the 13 barriers, and denied Defendants' motion for summary judgment on the CDPA claim as to all 13 barriers. Plaintiff proceeded to trial with his CDPA claim paralleling his ADA claim with respect to only three alleged barriers. At trial, Defendants prevailed

---

[1]California Civil Code § 55.52 provides:

'Construction-related accessibility standard' means a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities, including, but not limited to, any provision, standard, or regulation set forth in Section 51, 54, 54.1, or 55 of this code, Section 19955.5 of the Health and Safety Code, the California Building Standards Code (Title 24 of the California Code of Regulations), the federal Americans with Disabilities Act of 1990 (Public Law 101-336; 42 U.S.C. Sec. 12101 et seq.), and the federal Americans with Disabilities Act Accessibility Guidelines (Appendix A to Part 36 of Title 28 of the Code of Federal Regulations).

1  on both claims as to the three parallel barriers and on the CDPA claim as to the 10 other
2  alleged barriers.
3       With respect to the three barriers alleged to be in violation of both the CDPA and
4  ADA, "it is impossible to distinguish the fees necessary to defend against the CDPA
5  claim from those expended in defense against the ADA claim." *SoBreck, LLC,* 554
6  F.3d at 745. Under these circumstances, "a grant of fees on the California cause of
7  action [would] necessarily [be] a grant of fees as to the ADA claim." *Id.* As discussed
8  above, Defendants are not entitled to an award of attorneys' fees pursuant to § 12205
9  because the Court does not find Plaintiff's ADA claim frivolous. The Ninth Circuit's
10 holding in *SoBreck, LLC* precludes the Court from awarding Defendants any fees
11 incurred defending against these three barriers pursuant to Section 55.
12      Although a violation of the ADA is sufficient to demonstrate a violation of the
13 CDPA, Plaintiff failed at summary judgment to show that a triable issue existed on his
14 ADA claim with respect to 10 alleged barriers. After summary judgment, the Court
15 issued an Order to Show Cause why the Court should continue exercising supplemental
16 jurisdiction over Plaintiff's remaining state law claims; in reply to the Order to Show
17 Cause, Plaintiff stated that the "state-law claims present a slightly larger scope of
18 issues." (ECF No. 78 at 5). After considering the parties' positions, the Court
19 proceeded to trial exercising exclusively supplemental jurisdiction as to 10 barriers to
20 resolve state claims under the CDPA. At trial, Plaintiff lacked a predicate ADA
21 violation to demonstrate a CDPA violation as to any of these 10 barriers. Plaintiff
22 attempted to prove that Defendants violated a construction-related accessibility standard
23 as to these 10 barriers. Plaintiff failed to do so. In the Findings of Fact and
24 Conclusions of Law, the Court analyzed Plaintiff's CDPA claim pursuant to California
25 Building Code regulations, and ruled in Defendants' favor as to all barriers. A grant of
26 fees in this case to Defendants on the CDPA claim as to the barriers that did not parallel
27 an ADA claim is not "a grant of fees as to the ADA claim." *SoBreck, LLC,* 554 F.3d
28 at 745. With respect to these 10 barriers, this Court can "distinguish the fees [that were]

necessary to defend against the CDPA claim" after summary judgment "from [the fees] expended in defense against the ADA claim" before summary judgment. *Id.* The Court concludes that ADA preemption principles do not preclude Defendants from recovering their attorneys' fees incurred defending against the 10 non-parallel barriers alleged in Plaintiff's CDPA claim after November 8, 2011 when the Court issued its Order on the parties' motions for summary judgment because there were no parallel federal claims.

Counsel for Defendants, Brian Crone, states in a declaration attached to the motion for attorneys' fees that he billed 144.6 hours defending this case "after the Court granted summary judgment to Defendants on 10 of 13 ADA claims." (ECF No. 132-2). Crone states that he billed at an hourly rate of $275.00. *Id.* Plaintiff does not challenge the reasonableness of the hours Crone billed after summary judgment or Crone's hourly rate. However, Defendants have failed to produce evidence demonstrating the number of hours billed after summary judgment that were expended specifically in defending against the 10-non parallel barriers. *See Intel Corp.*, 6 F.3d at 622-23 (moving party has the burden to produce evidence that the rates and hours worked are reasonable). Defendants have leave to submit supplemental materials within 20 days of the date of this Order. Plaintiff has leave to file any response within 20 days from the date any supplemental materials are filed by Defendants.

## MOTION FOR SANCTIONS

Defendants contend that the Court should sanction Plaintiff's counsel $15,510 pursuant to 28 U.S.C. § 1927 for "unnecessarily multiplying" the costs of this litigation. (ECF No. 132-1 at 20). Plaintiff contends that the request for sanctions should be denied because Defendants have failed to show that "plaintiff's counsel ... vexatiously multiplied these proceedings." (ECF No. 141 at 9-10).

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

because of such conduct." Section 1927 sanctions must be supported by a finding of bad faith or recklessness. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id*. The bad faith requirement sets a high threshold. *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). Sanctions pursuant to section 1927 are also available for "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Federal courts also have inherent power to impose sanctions against attorneys and parties for bad faith conduct in litigation. *See Chambers v. NASCO*, 501 U.S. 32, 43 (1991). Before a court may award sanctions under its inherent powers, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008); *see also Primus*, 115 F.3d at 648 (explaining that a finding of bad faith is critical when a party requests that the Court use its inherent powers to engage in fee-shifting). "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

As discussed above, the Court does not find that Plaintiff's claims were frivolous. Nor does the Court find that Plaintiff's counsel litigated this case recklessly or in bad faith. The Court will not exercise its discretion to award Defendants' attorneys' fees as a sanction under either § 1927 or its inherent power. *See Keegan*, 78 F.3d at 437 (sanctions are "an extraordinary remedy, one to be exercised with extreme caution").

//

**MOTION TO RETAX COSTS**

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute,

these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. *See Ass'n of Mexican-American Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). In this case, the Clerk of the Court issued an Order Taxing Costs on June 19, 2013, ordering $1,467.75 to be taxed against Plaintiff and in favor of Defendants. (ECF No. 136).

Plaintiff contends that the Court should re-tax costs, and decline to award costs to Defendants, on the basis that Plaintiff's claims were not "frivolous" within the meaning of 42 U.S.C. § 12205. Defendants contend the motion should be denied because Plaintiff's ADA claim was "frivolous" and an award of costs to Defendants in this case "is not inequitable." (ECF No. 143 at 2, 6).

Unlike most actions, where costs are routinely awarded to the prevailing party as a matter of course under Federal Rule of Civil Procedure 54(d)(1), in an action under the ADA, costs may be awarded to a defendant only if the court finds that the action was "frivolous, unreasonable, or without foundation." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (citation omitted). As discussed above, the Court does not find that Plaintiff's ADA claim was "frivolous, unreasonable, or without foundation." Therefore, the Court cannot award costs to Defendants with respect to the ADA claims. However, Plaintiff's state law claims for violation of the CDPA and Unruh Act must still be considered. *See Doran v. Holiday Quality Foods, Inc.*, No. Civ.S. 99 0386 WBS DA, 2004 WL 3619124, at *1 (E.D. Cal. Feb. 4, 2004) (evaluating award of costs related to CDPA claim even though the court had already determined that plaintiff's claims were not frivolous under the ADA's attorneys' fees provision).

The award of costs with respect to Plaintiff's CDPA and Unruh Act claims is governed by federal law. *See Hanna v. Plumer*, 380 U.S. 460, 473 (1965); *see also Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167–68 (9th Cir. 1995) (holding that the award of costs is governed by federal law, not state law). Under federal law, Rule 54(d)

creates a presumption that a prevailing party is entitled to recover costs. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

In this case, the Court entered judgment in favor of Defendants as to all barriers alleged to have violated the CDPA. Accordingly, Defendants are the prevailing parties and are entitled to costs under Rule 54(d). Plaintiff's Motion to Review and Re-Tax Costs (ECF No. 139) is denied. *See Doran*, 2004 WL 3619124, at *1 (same).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Review and Re-Tax Costs filed by Plaintiff Matt Strong (ECF No. 139) is **DENIED**. The Motion for Attorneys' Fees, Litigation Expenses, Expert Costs, and Sanctions Against Plaintiff's Counsel filed by Defendants (ECF No. 132) will remain pending.

DATED: October 10, 2013

**WILLIAM Q. HAYES**
United States District Judge