# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW STRONG,<br><br>               Plaintiff,<br>vs.<br>WALGREEN CO., doing business as Walgreens; and RUDOLPH BRAGG, Trustee of the Bragg Family Trust, Dated April 22, 1982,<br><br>               Defendants. | CASE NO. 09cv611 WQH (WVG)<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Motion for Attorney's Fees, Litigation Expenses, Expert Costs, and Sanctions Against Plaintiff's Counsel filed by Defendants Walgreen Co. ("Walgreens") and Rudolph Bragg, Trustee of the Bragg Family Trust, dated April 22, 1982 (ECF No. 132).

## BACKGROUND

    On October 10, 2013, this Court filed an Order concluding that Defendants are "not precluded from recovering attorney's fees incurred defending against the 10 non-parallel barriers alleged in Plaintiff's claim under the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 55, after November 8, 2011 when the Court issued its Order on the parties' motions for summary judgment, because there were no parallel

federal claims." (ECF No. 145 at 8). The October 10, 2013 Order further stated that "Defendants had failed to produce evidence demonstrating the number of hours billed after summary judgment that were expended specifically in defending against the 10 non-parallel barriers." *Id.* The Court granted Defendant leave to submit supplemental materials. *Id.*

On October 22, 2013, Defendants submitted an affidavit in support of their Motion for Attorney's Fees, Litigation Expenses, Expert Costs, and Sanctions Against Plaintiff's Counsel. (ECF No. 146). The affidavit detailed Defendants' activities after summary judgment, and established that Defendants spent approximately 84 hours defending against the 10 non-parallel state law barrier claims. The affidavit showed that $23,058.75 was the amount incurred by Defendants to address the 10 non-parallel state law claims. *Id.* at 4.

In response, Plaintiff filed no objection to the amount of fees incurred by Defendants. Plaintiff contends that Defendant may not recover any fees on the grounds that Plaintiff's 10 non-parallel state law claims were brought under both section 55 (CDPA) and section 52 (Unruh Civil Rights Act). (ECF No. 64 ¶¶ 33 - 47). Plaintiff relies on *Turner et al. v. Association of American Medical Colleges*, 193 Cal. App. 4th 1047. On December 16, 2013, Defendants filed a reply. (ECF No. 149). Defendants assert that *Turner* is not good law after the California Supreme Court's opinion in *Jankey v. Song Koo Lee*, 55 Cal. 4th 1038.

## RULING OF THE COURT

In this case, Plaintiff's 10 non-parallel state law claims were brought under both California Civil Code section 55 (CDPA) and section 52 (Unruh Civil Rights Act). Section 55 provides that the "prevailing party" in an action for injunctive relief under the CDPA "shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55. Section 52 authorizes fee awards only to prevailing plaintiffs. Cal. Civ. Code § 52.

In *Turner*, applicants to take a standardized test, who had reading-related learning disabilities and/or attention deficit hyperactivity disorder (ADHD), brought a class

action against the test administrator for violations of the Unruh Civil Rights Act and the CDPA. *Turner*, 193 Cal. App. 4th at 1053. The Superior Court of Alameda County entered judgment for plaintiffs after a bench trial. *Id*. The California Court of Appeal of the First District reversed the trial court's decision, and on remand defendant sought an award of attorney's fees under section 55. *Id*. As an issue of first impression, the Court of Appeal considered whether "a trial court [is] required to award attorney's fees to a prevailing defendant under the bilateral, 'prevailing party' statutory fee shifting provision in section 55 for attorney hours that were inextricably intertwined with the hours incurred in defending claims under sections 52 and 54.3[.]" *Id*. at 1054. The court stated: "The statutory conflict is clear: [s]ection 55 on its face would permit a defendant to recover fees for attorney hours spent defending claims under the Unruh Act and section 54.3, but sections 52 and 54.3 reflect the Legislature's intent that prevailing defendants *not* receive a fee award for such attorney hours." *Id*. at 1064. Based upon an analysis of public policy considerations, the court concluded that:

> ... a prevailing defendant is not entitled to an attorney fee award for such hours. When the legislature enacted the unilateral, 'prevailing plaintiff' fee-shifting provisions in sections 52 and 54.3, it created an exception by implication, prohibiting a fee award to a prevailing defendant for the same hours devoted to defending claims under sections 52 and 54.3.

*Id*. The court held that "where a defendant prevails against a plaintiff who sought relief under section 55 as well as section 52 and/or section 54.3, the defendant may not obtain an attorney fee award under section 55 for attorney hours inextricably intertwined with hours spent defending claims under section 52 and/or section 54.3." *Id*. at 1073.

In *Jankey*, a patron brought an action against a store owner, seeking injunctive relief under the Americans with Disabilities Act ("ADA"), the Unruh Act, and the CDPA. 55 Cal. 4th at 1042. Defendant prevailed and sought attorneys' fees. *Id*. The trial court concluded that fees for a prevailing defendant were mandatory under section 55, and the Court of Appeal affirmed. *Id*. The California Supreme Court considered "whether an award of mandatory fees is preempted by the [ADA]." *Id*. Section 55 mandates a fee award to a prevailing party, while the ADA allows defendants fees only

for responding to frivolous claims and makes fee recovery discretionary. *Id*. at 1045, 1047. The court ultimately concluded that "the plain language of section 55 makes an award of fees to any prevailing party mandatory, and the ADA does not preempt this part of the state's attorney fee scheme ...." *Id*. Plaintiff also argued that "section 55 does not authorize fees for work overlapping with Unruh Civil Rights Act and section 54.3 defense." *Id*. at 1056 n. 16. The court responded that "Jankey did not raise the issue in the trial court, the Court of Appeal, or the petition for review. Because the issue is thus waived, we do not consider it." *Id*.

"Decisions of the California Courts of Appeal are to be followed by a federal court where the Supreme Court of California has not spoken on the question, in the absence of convincing evidence that the highest court of the state would decide differently." *Hubbard v. Sobreck, LLC*, 554 F.3d 742, 745 (9th Cir. 2009) (quoting *Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346 n. 2 (9th Cir. 1974)). This Court concludes that the ruling in *Jankey* that state law is not preempted by federal law is not convincing evidence that the California Supreme Court would decide the conflict in state law differently from the Court of Appeals in *Turner*. In the absence of convincing evidence that the California Supreme Court would decide differently, the Court must follow the California Court of Appeal's holding in *Turner*. In this case, the fees associated with Plaintiff's section 55 claim are "inextricably intertwined" with the fees associated with Plaintiff's section 52 claim, and no attorneys' fees may be awarded. *Turner*, 193 Cal. App. 4th at 1059. Accordingly, Defendant is not entitled to attorneys' fees.

IT IS HEREBY ORDERED that the Motion for Attorney's Fees, Litigation Expenses, Expert Costs, and Sanctions Against Plaintiff's Counsel is DENIED. (ECF No. 132).

DATED: January 17, 2014

**WILLIAM Q. HAYES**
United States District Judge